IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE,

    Petitioner,        No. CIV S-07-2525 GEB DAD P

  vs.

WARDEN RON BARNES,        <u>ORDER AND</u>

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges both his Butte County Superior Court 2003 conviction for petty theft with priors (California Penal Code § 666) with a sentencing enhancement for a prior prison term (California Penal Code § 667.5). Pursuant to the challenged conviction, petitioner was sentenced to a determinate prison term of eight years. Petitioner seeks federal habeas relief on two grounds: (1) that he was improperly arrested for the offense in question due to discriminatory profiling and was therefore subjected to false imprisonment; and (2) his conviction was obtained in reliance upon illegally seized evidence. (Am. Pet. at 4-7.)[1]

---

[1] Petitioner did not number each of the pages of his amended petition. Therefore, all references are to the page numbers from the court's electronic filing system.

1

Before the court are the following motions: (1) respondent's motion to dismiss this action on the ground that the amended habeas petition contains only non-cognizable claims, (2) petitioner's motions for leave to supplement his amended habeas petition, (3) petitioner's discovery motions, and (4) petitioner's requests for judicial notice. Below the court will summarize the arguments of the parties and address each of the pending motions.

RESPONDENT'S MOTION TO DISMISS[2]

I. Parties' Arguments

   A. Respondent's Motion

Respondent argues that the two claims in the amended habeas petition contending that evidence was obtained in violation of petitioner's Fourth Amendment rights, are not cognizable under the decision in Stone v. Powell, 428 U.S. 465 (1976). (Mot. to Dism. at 2.) Respondent contends that petitioner was provided a fair opportunity to raise his Fourth Amendment claims in state court and in the over thirty post-conviction collateral actions he has brought. (Id.) Finally, respondent argues that although petitioner attempts to cast these claims as implicating his rights to due process and equal protection, the claims squarely present Fourth Amendment challenges which are not cognizable in these federal habeas proceedings. (Id. at 3.)

   B. Petitioner's Opposition

In his opposition to the motion to dismiss, petitioner essentially restates his claims in this regard. Petitioner argues that law enforcement officers lacked probable cause to arrest him. Because his arrest was unlawful, petitioner contends, the subsequent seizure of his clothing was illegal and both the video surveillance tapes from the Food-4-Less store[3] and the statement of the store's theft enforcement officer should have been suppressed. (Opp'n at 2.) Petitioner

---

[2] Respondent initially filed his motion to dismiss on March 9, 2009. (Doc. No. 29.) However, the motion was re-served on petitioner on March 18, 2009. (Doc. No. 31). Accordingly, the motion filed March 18, 2009, is the operative motion before the court.

[3] The store video surveillance tape which petitioner alludes to was not admitted into evidence, nor used in any other way, at his trial. (Doc. No. 1 at 36.)

2

asserts that his habeas action alleges discrimination and "non-censual [sic] search and seizure." (Id.) Petitioner also asserts that the court must hold an evidentiary hearing with respect to these claims. (Id. at 4.)

II. Analysis

    A. Claim One:  Unlawful Arrest

In this claim, petitioner alleges that he was arrested as a result of discrimination based on his race and sex and that he was subjected to false imprisonment. (Am. Pet. (Doc. No. 12) at 4.) In this regard, petitioner alleges as follows. On November 16, 2002, he entered a Food-4-Less store and that a loss prevention store employee, singled him out for surveillance because he was an African American male. (Id.) The loss prevention employee accused petitioner of shop-lifting two bottles of liquor. (Id.) In his report of the incident, the store's loss prevention officer stated that he observed petitioner concealing the bottles of liquor and confronted petitioner outside the store. (Pet. (Doc. No. 1) at 31.) Petitioner ran from the loss prevention officer and threw the concealed bottles of liquor, one of which broke and the other of which was retrieved by the loss prevention officer. (Id.) The store employee telephoned the Oroville Police Department and petitioner was arrested about two blocks away from the store. (Am. Pet. at 4.)

In addition to the allegation of racial profiling, petitioner argues that probable cause was lacking for his arrest because (1) the police officers did not possess physical evidence (i.e., the bottles) that a crime had been committed, (2) no crime was committed in the presence of a police officer or "private actor", (3) the store's surveillance tape failed to show petitioner in the commission of a crime, and (4) his arrest was based merely on his prior criminal history. (Id. at 5.) Petitioner also argues that the store's loss prevention officer caused him to suffer false arrest and false imprisonment, that the store employee and Oroville Police officers conspired to detain petitioner and to violate his rights under the Fourteenth Amendment and his First Amendment

/////

right "to petition the government for redress of grievance to obtain the truth in evidence that could have resolved the question of guilt." (Id.)

Federal habeas relief may be granted "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is established that a criminal conviction will not be set aside because the defendant was unlawfully brought before the court. See United States v. Crews, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction . . . . [Defendant] is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilty through the introduction of evidence wholly untainted by the police misconduct.") (citations omitted); Myers v. Rhay, 577 F.2d 504, 507 (9th Cir. 1978) ("[I]t is well settled that illegal arrest or detention of a suspect does not void a subsequent conviction. The proper time to challenge the probable cause underlying an arrest is prior to the prosecution of the case, while the illegal detention is in progress.") (citations omitted); see also Caldwell v. Cupp, 781 F.2d 714 , 715 (9th Cir. 1986) (federal habeas petitioner's claim that he was subject to illegal arrest, unsupported by probable cause, barred by Stone v. Powell).

Here, petitioner attempts to challenge his arrest as being unsupported by probable cause and as having stemmed from the discriminatory targeting of African American male customers for theft surveillance at the store in question. However, such claims challenging a petitioner's arrest are not cognizable in a federal habeas proceeding. In addition, to the extent petitioner is attempting to claim that his rights under the First Amendment, such a claim would be frivolous on its face, unsupported by any arguable legal theory and not provide a grounds for federal habeas relief. Therefore, respondent's motion to dismiss petitioner's first habeas claim should be granted.

/////

/////

4

B. <u>Second Claim: The Illegal Seizure of Evidence Tainted Petitioner's Conviction</u>

In his second claim, petitioner contends that his conviction was obtained through the use of evidence obtained pursuant to an unconstitutional search. (Am. Pet. at 4.) In this regard, petitioner argues that the arresting law enforcement officers lacked probable cause for his arrest because they relied on the store's surveillance videotape as evidence of his alleged shoplifting, but the arresting officer later testified at trial that the videotape "did not show the incident." (<u>Id.</u> at 6.) Petitioner contends that since his arrest was not supported by probable cause, the subsequent search and seizure of his clothing was illegal.[4] (<u>Id.</u>) However, petitioner also alleges that motions to suppress evidence were filed on his behalf with the trial court and that he unsuccessfully appealed from the denial of those motions. (<u>Id.</u> at 4, 7.)

The United States Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where the petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir. 1996); <u>Gordan v. Duran</u>, 895 F.2d 610, 613 (9th Cir. 1990).

Here, it appears that petitioner is seeking to challenge both the affidavit provided by the store theft enforcement officer and the store's surveillance tape which were used to support petitioner's arrest and the seizure of his jersey/shirt which was introduced into evidence

---

[4] In a supplemental report by Officer Terry of the Oroville Police Department it was reported that dispatch notified Officer Akins that the Food-4-Less suspect was a "black male, wearing blue jeans and a Dallas Cowboys, football jersey." (Pet. at 49.) Office Terry also reported that when he first saw petitioner walking in the area, he was "holding a blue football type jersey in his right hand" and that as Officer Terry followed petitioner, petitioner wadded the jersey into a ball and clutched it in his right hand. (<u>Id.</u>)

5

at his trial. To the extent that petitioner challenges evidence relied upon by officers in arresting him, that claim has been addressed above. With respect to the challenge to evidence that was introduced at trial, including the jersey/shirt seized from petitioner at the time of his arrest, petitioner's claim is barred by the holding in Stone v. Powell. See Myers, 577 F.2d at 508 (holding that even if an arrest warrant was unconstitutionally issued and that the subsequent arrest was illegal, there is no basis for habeas relief in light of Stone v. Powell). Moreover, it is clear from petitioner's amended petition and the numerous motions and other documents filed by petitioner in the Butte County Superior Court, the California Court of Appeal and the California Supreme Court that he had a full and fair opportunity to litigate his unlawful search and seizure claims in those state court proceeding. See Resp. Lodged Doc. 5, lodged Mar. 10, 2009. Finally, to the extent that petitioner asserts that the introduction of his seized clothing into evidence at his trial violated his Fifth and Fourteenth Amendment rights, such claims do not provide independent grounds for federal habeas relief. Therefore, respondent's motion to dismiss petitioner's second habeas claim should also be granted.

PETITIONER'S MOTIONS

I. Request/Motion for Leave to Supplement Habeas Petition

On January 15, 2009, petitioner filed a document styled, "'1st Addendum Request for Relief' Pursuant to 28 USC § 2241(c)(1) and (3) and 2254(d)(1) and (2) and (2)(B)[] Per Fed. R. CIV. P. 15." Therein, petitioner makes the following requests:

> 1. Grant this Addendum to the request for relief in the 2nd Amended petition dated 10/26/09;
>
> 2. Dismiss the unconstitutional state charges;
>
> 3. Discharge Petitioner from unlawful detention and restraints;
>
> 4. Take Judicial Notice per Rule 201(e) on Petitioner's liberty Interest [sic] and claims under the Due Process Clause and Equal Protection Clause;
>
> 5. Take Judicial Notice per Rule 201(e) on the Miscarriage of Justice in Petitioner's case.

(1st Addendum Request at 1.)  Petitioner's request will be denied.  Petitioner's proposed addendum to his amended petition is unnecessary.  In addition, petitioner may not seek judicial notice of disputed facts and disputed legal issues.  See Fed. R. Evid 201.

On April 20, 2009, petitioner filed a document styled, "'Motion And Notice Of Motion For Leave To Supplemental Federal Habeas Corpus."  Through this motion it appears that petitioner seeks to add an additional claim to his amended petition pending before this court that he recently exhausted in state court.[5]  Petitioner has attached to his motion a copy of a petition for review he filed with the California Supreme Court in which he argued that the trial court erred in denying his motion to dismiss the charges against him on the grounds of discriminatory prosecution.  (Mot. at 16.)[6]  Petitioner further argues that his prosecution was discriminatory because the arresting officer did not have any evidence at the time of his arrest that a crime had been committed and that petitioner was instead arrested merely because of his race.  (Id. at 19.)

Petitioner's proposed discriminatory prosecution claim is based on the same allegations as his unlawful arrest claim which the undersigned, above, has found appropriate for dismissal.  Petitioner has not provided, nor suggested the existence of any evidence, that he was prosecuted based upon a prosecutorial policy that was motivated by a discriminatory purpose.  Rather, he has argued only that he was accused by the store loss prevention officer of petty theft based upon a discriminatory policy of subjecting African-American males to special scrutiny.  Accordingly, granting leave to amend would be futile since petitioner's proposed discriminatory prosecution claim is unsupported and based on mere speculation.  See United States v. Armstrong, 517 U.S. 456, 465 (1996) (holding that in order to prevail on a discriminatory

---

[5] Petitioner also attached to his motion the California Supreme Court's January 28, 2009, summary denial of the petition for review.  (Doc. No. 36 at 12.)

[6] All page references to this document are to the page numbers from the court's electronic filing system.

7

prosecution claim, a defendant must show a prosecutorial policy which had a discriminatory effect and was motivated by a discriminatory purpose); McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (holding that a defendant "must prove that the decisionmakers in *his* case acted with discriminatory purpose."). Therefore, petitioner's motion for leave to supplement his habeas petition will be denied.

II. Petitioner's Discovery Requests

On January 20, 2009, petitioner filed a motion for an evidentiary hearing "to resolve a conflict between the testimonies presented in the support and opposing 'affidavits,' 'declarations' and 'exhibits.'" (Mot. for Evid. Hr'g at 2.) Petitioner contends that the store loss prevention officer's report about the theft of two bottles of liquor was unsupported because the bottles were not presented as evidence to establish that any crime had been committed and the store's video surveillance tape did not show the alleged incident. (Id. at 3-4.) Petitioner argues that the loss prevention officer made a false report which caused his false imprisonment and kidnaping by the Oroville Police Department. (Id. at 4.) On these grounds alone petitioner requests an evidentiary hearing in this federal habeas proceeding.

On June 8, 2009, petitioner filed a motion styled, "Motion To Enforce Subpoena And Compel Production" (Doc. No. 38) to obtain the files of the Butte County District Attorney and the loss prevention program policies for the Food-4-Less store where the petty theft occurred.

For the reasons discussed above, the undersigned is recommending that respondent's motion to dismiss be granted. Accordingly, petitioner's requests for an evidentiary hearing and motion to conduct discovery will be denied.

III. Petitioner's Requests for Judicial Notice

On May 29, 2009, petitioner filed a request for judicial notice of transcripts of the underlying criminal proceedings in the Butte County Superior Court. (Doc. No. 37.) Petitioner provides no explanation as to the basis for this request and it is unnecessary for the court to take judicial notice of the transcripts of the underlying state court proceedings. Moreover, as noted,

the undersigned is recommending that respondent's motion to dismiss the petition as containing only non-cognizable claims be granted. Therefore, petitioner's request will be denied.

On June 10, 2009, petitioner filed another request for judicial notice. Therein he requests that judicial notice be taken of the transcripts of his criminal case in the Butte County Superior Court and of a complaint he filed with the California Department of Justice seeking relief under 42 U.S.C. § 2000a(d), et seq.[7] This request will be denied for the same reasons.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's January 15, 2009, First Addendum Request for Relief (Doc. No. 23) is denied;

2. Petitioner's January 20, 2009, motion for an evidentiary hearing (Doc. No. 24) is denied;

3. Respondent's March 9, 2009, motion to dismiss (Doc. No. 29) is disregarded;

4. Petitioner's April 20, 2009, motion for leave to supplement his habeas petition (Doc. No. 36) is denied;

5. Petitioner's May 29, 2009, request for judicial notice (Doc. No. 37) is denied;

6. Petitioner's June 8, 2009, motion to enforce subpoena and compel production (Doc. No. 38) is denied; and

7. Petitioner's June 10, 2009, request for judicial notice (Doc. No. 39) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 18, 2009, motion to dismiss (Doc. No. 31) be granted; and

2. This action be dismissed.

/////

---

[7] 42 U.S.C. § 2000a prohibits discrimination or segregation in places of public accommodation.

1       These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
3  one days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties. Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
6  shall be served and filed within seven days after service of the objections. The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: January 13, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13  DAD:4
    pric2525.mtd+